UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 8:18-cv-01593-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Bryan Harwell, *in his individual capacity as Federal Judge for the District of South Carolina*, | ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing Plaintiff's pro se complaint without prejudice.[1] *See* ECF Nos. 9 & 15. Plaintiff has also filed a motion to recuse the undersigned district judge. *See* ECF No. 16.

## Discussion[2]

### I. R & R and Plaintiff's Objections

Plaintiff, proceeding pro se, has filed a complaint seeking to sue the undersigned district judge pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing the validity of actions for damages when a federal officer acting under the color of federal

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(e) (D.S.C.), and he reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

authority allegedly violates a plaintiff's constitutional rights). *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because the undersigned has absolute judicial immunity for acts taken in relation to Plaintiff's prior cases. *See* R & R at pp. 2–3. Plaintiff has filed objections to the R & R. *See* ECF No. 15.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

As the Magistrate Judge explains, the allegations in Plaintiff's complaint indicate he is displeased with the undersigned's rulings in other cases.[3] *See generally* ECF No. 1. Although Plaintiff

---

[3] Specifically, Plaintiff takes issue with the Court's prior rulings in *Cleveland v. Adger*, No. 4:17-cv-02112-RBH (D.S.C.), and *Cleveland v. Adger*, No. 4:17-cv-03269-RBH (D.S.C.), both of which are on appeal before the Fourth Circuit.

seeks to sue the undersigned pursuant to *Bivens*, "[j]udges possess absolute immunity for their judicial acts and are subject to liability only in the 'clear absence of all jurisdiction.'" *Hamilton v. Murray*, 648 F. App'x 344, 344–45 (4th Cir. 2016) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "[T]he doctrine of absolute judicial immunity serves to protect *federal* judges from injunctive relief as well as money damages." *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) (collecting cases); *see also Stephens v. Herring*, 827 F. Supp. 359, 362 (E.D. Va. 1993) (rejecting a *Bivens* action against a federal judge and explaining "federal judges enjoy the same immunity from equitable remedies as they do from damages").

Having reviewed Plaintiff's objections and conducted a de novo review of the record, the Court agrees with the Magistrate Judge's proposed findings and recommendations. The allegations in Plaintiff's complaint challenge judicial acts taken by the undersigned. The undersigned was acting within his judicial capacity and "performing a function 'normally performed by a judge,'" *King v. Myers*, 973 F.2d 354, 358 (4th Cir. 1992) (quoting *Stump*, 435 U.S. at 362), when issuing the rulings in the prior cases. Accordingly, Plaintiff's complaint is subject to dismissal based on the doctrine of absolute judicial immunity.[4]

## II. Plaintiff's Motion to Recuse

Plaintiff has also filed a motion seeking to recuse the undersigned from hearing this case. *See* ECF No. 16. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also* 28 U.S.C. § 455 (judicial

---

[4] In his objections, Plaintiff also challenges the Magistrate Judge's review of his complaint. *See* ECF No. 15 at pp. 1–2, 4. However, as noted above, such review is authorized by 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(e) (D.S.C.), and the Court has conducted the requisite de novo review required by § 636(b)(1) and Fed. R. Civ. P. 72(b).

3

disqualification statute). "The nature of the judge's bias must be personal and not judicial. A judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal citation omitted). Here, Plaintiff has not established extrajudicial bias warranting recusal. Instead, he seeks recusal based on the undersigned's decisions in other cases, which as noted above is not a valid basis for disqualification. *See, e.g.*, *Prasad v. United States*, 733 F. App'x 130, 131 (4th Cir. 2018) ("Prasad's claim of judicial bias, which is based solely on her disagreement with the district court's substantive rulings in this and Prasad's other civil actions, gains no traction as this is not a sufficient basis for such a claim." (citing *Liteky*)). The Court will deny Plaintiff's motion to recuse.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections and adopts and incorporates by reference the R & R [ECF No. 9] of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.[5] The Court **DENIES** Plaintiff's motion to recuse [ECF No. 16].

**IT IS SO ORDERED.**

Florence, South Carolina
August 24, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[5] In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.